# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

ARTHUR GENE POTTS,  )
                                          )
            Plaintiff,  )
v.  )     Case No. CIV-12-482-RAW-SPS
                                        )
CAROLYN W. COLVIN,  )
**Acting Commissioner of the Social**  )
**Security Administration,**[1]  )
                                          )
           Defendant.  )

## REPORT AND RECOMMENDATION

The claimant Arthur Gene Potts requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and REMANDED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On February 14, 2013, Carolyn Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v.*

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on March 31, 1971, and was thirty-nine years old at the time of the second administrative hearing (Tr. 206). He earned his GED and has past relevant work as a construction worker, pipeline worker, forklift operator, swamper, cabinet assembly worker, oil rig worker, and warehouse worker (Tr. 27). The claimant alleges that he has been unable to work since August 15, 2006 because of left shoulder pain, pancreatitis, diabetes, obesity, hypertension, gallbladder problems, and arthritis in his knees and hips (Tr. 272).

**Procedural History**

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1481-85, on May 3, 2007 (Tr. 91). His applications were denied. ALJ Deborah L. Rose conducted an administrative hearing and found that the claimant was not disabled in a written opinion dated June 25, 2009 (Tr. 91-101). The Appeals Council reversed that decision and required that the ALJ address

the claimant's obesity and analyze it in accordance with Soc. Sec. R. 02-1p (Tr. 104-05). ALJ Rose conducted a second administrative hearing and again found that the claimant was not disabled in a written opinion dated March 23, 2011 (Tr. 14-29). The Appeals Council denied review of that opinion, so the ALJ's written opinion is the final decision of the Commissioner on appeal. *See* 20 C.F.R. §§ 404.981; 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made her decision at step five of the sequential evaluation. She found that the claimant had the residual functional capacity ("RFC") to perform the light work as defined in 20 C.F.R. § 404.1567(b); 416.967(b), with the following additional limitations: i) he can frequently work around moving mechanical parts, humidity, wetness, dust, odors, fumes, pulmonary irritants, extreme temperatures, and vibrations and operate motor vehicles; ii) he can only occasionally work foot controls, balance, stoop, kneel, crouch, and crawl; and iii) never climb ramps or scaffolds or work around unprotected heights (Tr. 18). The ALJ concluded that although the claimant could not return to his past relevant work, there was other work in the economy that the claimant could perform, *i. e.*, cashier, assembly worker, food order clerk, and charge account clerk (Tr. 28-29). Thus, the ALJ found that the claimant was not disabled (Tr. 29).

**Review**

The claimant contends that the ALJ erred: (i) by failing to properly analyze the claimant's RFC by failing to explain how the claimant's required use of a cane to ambulate would affect his ability to lift and carry objects; (ii) by failing to properly

consider the claimant's obesity at step four; (iii) by failing to consider the effects of claimant's medications on his RFC at step four; and (iv) by failing to properly analyze the claimant's credibility. The undersigned Magistrate Judge finds the claimant's second contention persuasive.

Prior to his alleged onset date, the claimant was examined by Dr. Kenneth R. Trinidad, D.O., in connection with a worker's compensation claim (Tr. 335-38). The claimant had apparently injured his left shoulder while lifting a desk top, and the claimant continued to complain of crepitance, restricted movement, and weakness in the shoulder (Tr. 335). After a range of motion evaluation, Dr. Trinidad concluded that the claimant had a 31 percent permanent partial impairment to the whole man as a result of his shoulder injury (Tr. 338).

In August 2006, the claimant was hospitalized for 11 days with severe acute pancreatitis, and his discharge diagnoses included systemic inflammatory response syndrome, diabetic ketoacidosis, acute renal failure, hypertension, hyperlipidemia, and obesity (Tr. 339).

State reviewing physician Dr. Luther Woodcock, M.D. completed a Physical Residual Functional Capacity Assessment on June 25, 2007 in which he found that the claimant was capable of occasionally lifting/carrying up to 50 pounds, frequently lifting/carrying up to 25 pounds, standing/walking for six hours in an eight-hour workday, and sitting for six hours in an eight-hour workday (Tr. 408). These findings

were echoed by state reviewing physician Dr. Thurma Fiegel, M.D. in October 2007 (Tr. 424-31).

On September 20, 2007, state examining physician Dr. Ronald Schatzman, M.D. performed a physical examination of claimant (Tr. 416). Dr. Schatzman found that the claimant's range of motion in his joints, lumbosacral spine, cervical spine, and hands and wrists were all normal (Tr. 419-22).

The claimant began receiving treatment at Stigler Choctaw Health Center in May 2007, at which time the claimant complained of abdominal pain, no appetite, and increased shoulder, hip, and knee pain (Tr. 460). The claimant continued to complain of musculoskeletal pain, particularly in his hips and joints (Tr. 462, 464, 470, 476, 480, 659, 662, 678, 684, 687). In June 2010, it was noted that the claimant was not very active because of pain, and his pain in his left hip and knee were noted to be worsening (Tr. 655). In May 2011, the claimant was having difficulty ambulating even with use of a cane (Tr. 680)

State examining physician Dr. Sri K. Reddy, M.D. completed a physical examination of the claimant. Dr. Reddy noted that while the claimant had tenderness over the knees, hips, and ankles, the straight leg raise test was normal bilaterally (Tr. 490). Dr. Reddy found that the claimant could occasionally lift and carry up to 20 pounds, sit for eight hours, stand and walk for two hours, respectively, and occasionally use his feet for the operation of foot controls (Tr. 491-93). Finally, Dr. Reddy opined that

the claimant could only occasionally balance, stoop, kneel, crouch, and crawl but never climb ramps or scaffolds (Tr. 494).

Obesity is a medically determinable impairment that is often associated with disturbance of the musculoskeletal system, and disturbance of this system can be a major cause of disability in individuals with obesity. The Listing of Impairments with regard to the musculoskeletal system references obesity and explains that "[t]he combined effects of obesity with musculoskeletal impairments can be greater than the effects of each of the impairments considered separately." The ALJ "must consider any additional and cumulative effects of obesity" when assessing an individual's residual functional capacity. 20 C.F.R. pt. 404, subpt. P, app. 1, Part A, 1.00 Musculoskeletal System.

In this case, the ALJ found at step two that the claimant suffered from the severe impairment of obesity, *inter alia*, and found that his obesity did not meet a Listing at step three, and the claimant does not challenge these findings (Tr. 16-17). The problem with the ALJ's obesity analysis at step four, however, is twofold. First, SSR 02-1p states that a finding that obesity is a severe impairment means that "it significantly limits an individual's physical or mental ability to do basic work activities." SSR 02-1p, 2002 WL 34686281, at *4. However, the ALJ's analysis of how the claimant's obesity impacts his RFC contradicts her findings at step two in that she found that his obesity "does not present significant physical impediments for him" at step four (Tr. 25). Next, the ALJ also curiously concluded that "[t]he claimant has reported that he does not exercise or walk due to pain or fatigue, not due to his weight." (Tr. 25). In making this finding, the

ALJ ignores the very manner in which obesity would impact an individual's RFC, *i. e.*, that claimant's obesity is contributing to the pain and fatigue complained of by the claimant. Pain and fatigue are specifically listed in SSR 02-1p as symptoms of obesity. SSR 02-1p, at * 4. Further, SSR 02-1p specifically states that "[i]n cases involving obesity, fatigue may affect the individual's physical and mental ability to sustain work activity" and reiterates that "[t]he combined effects of obesity with other impairments may be greater than might be expected without obesity" SSR 02-1p, at *6. The ALJ, however, wholly failed to analyze the claimant's obesity in conjunction with his degenerative disc disease and instead seems to have considered the claimant's obesity without consideration of the impact of obesity on the claimant's other severe impairments. *See* SSR 02-1p, at *6 ("The combined effects of obesity with other impairments may be greater than might be expected without obesity. For example, someone with obesity and arthritis affecting a weight-bearing joint may have more pain and limitation than might be expected from the arthritis alone.").

Because the ALJ failed to properly analyze the claimant's obesity in accordance with SSR 02-1p at step four, the decision of the Commissioner must be reversed and the case remanded to the ALJ for further proceedings.

## Conclusion

As set forth above, the undersigned Magistrate Judge PROPOSES that correct legal standards were not applied by the ALJ and the decision of the Commissioner is

therefore not supported by substantial evidence. Accordingly, the undersigned RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 7th day of March, 2014.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma